UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-1958-TLN-JDP (PS)<br><br>ORDER |

Plaintiff Chad Michael Creel, proceeding without counsel, brings this action against California Governor Gavin Newsom and Plump Jack Estate Winery. The complaint fails to state a claim. I will dismiss the complaint with leave to amend and grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint is largely repetitive and asserts numerous violations of his constitutional rights. *See generally* ECF No. 1. The complaint references defendant Newsom's misuse of public funds, unjust enrichment from certain real estate ventures, and different conflicts of interest, but the complaint's "primary grievance" centers on California's allegedly unconstitutional firearm and cannabis regulatory schemes. *Id.* at 8-10. Plaintiff claims that Newsom has enacted and enforced certain firearms regulations, including a Concealed Carry Weapon regulation, which violate the Second Amendment and prohibit plaintiff from being able to protect himself. *Id.* at 8. Plaintiff also alleges that Newsom's cannabis regulations violate the Fourteenth Amendment's Equal Protection Clause because the regulations are selectively enforced and disproportionately harm disabled and low-income Californias. *Id.* at 9.

Plaintiff's claims against Newsom in his official capacity are barred by the Eleventh

2

Amendment. *See Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) ("[S]tate officials sued in their official capacities . . . are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity."); *Hoeg v. Newsom*, 728 F. Supp.3d 1152, 1157 (E.D. Cal. 2024) ("[D]amages are not available from state officials sued in their official capacity under § 1983").

"On the other hand, an action against a state official sued in his individual, rather than his official or representational, capacity is not barred by the eleventh amendment." *Blaylock v. Schwinden*, 862 F.2d 1352, 1353-54 (9th Cir. 1988). However, plaintiff has not alleged that Newsom was personally involved in the violation of his rights or that there was a "sufficient causal connection" between Newsom's own conduct and the violations at issue. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Plaintiff's conclusory allegations that Newsom enacted and enforced certain regulations falls short of showing Newsom's personal involvement or a sufficient causal connection.

The allegations against defendant Plump Jack Winery are insufficient to state a claim for violation of plaintiff's constitutional rights under § 1983 because plaintiff has not alleged that it was acting under color of state law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Even assuming plaintiff had named proper defendants, his claim for a violation of the Second Amendment fails to state a claim.[1] The Supreme Court has instructed that, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Dist. of Columbia v. Heller*, 554 U.S. 570, 626 (2008). It is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.* In line with those principles, the Ninth

---

[1] Plaintiff brought a similar claim against a California County in *Creel v. Glenn Cnty.*, No. 2:25-cv-1327-DAD-AC (PS). Judge Claire found that plaintiff's claim was insufficient to state a Second Amendment violation. ECF No. 3 at 4-5. I find no reason to depart from Judge Claire's analysis.

3

1 Circuit has held that the Second Amendment does not protect the right of a member of the general
2 public to carry concealed firearms in public.  *See Peruta v. Cnty. of San Diego*, 824 F.3d 919, 939
3 (9th Cir. 2016), *abrogated on other grounds by New York State Rifle & Pistol Ass'n, Inc. v.*
4 *Bruen*, 597 U.S. 1 (2022).  Plaintiff's conclusory allegation that Newsom enacted and enforced
5 gun laws is insufficient to demonstrate a violation of plaintiff's constitutional rights.

6       Plaintiff's equal protection claim is equally insufficient to state a claim.  The Equal
7 Protection Clause provides "that no State shall deny to any person within its jurisdiction the equal
8 protection of the laws[.]"  U.S. Const. Amend. XIV.  The Equal Protection Clause requires that
9 persons similarly situated be treated alike.  *City of Cleburne v. Cleburne Living Center, Inc.*, 473
10 U.S. 432, 439; *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013);
11 *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

12       To state a § 1983 claim based on a violation of the Equal Protection Clause, a plaintiff
13 must allege that defendants acted with intentional discrimination against plaintiff, or against a
14 class of individuals which included plaintiff, and that such conduct did not relate to a legitimate
15 state purpose.  Further, plaintiff must allege discriminatory intent.  *See Washington v. Davis*, 426
16 U.S. 229, 239-40 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003).

17       Plaintiff does not allege he is a member of any suspect or protected class, and he fails to
18 allege that any defendant denied plaintiff any rights based on membership in any suspect or
19 protected class.  Plaintiff also alleges no discriminatory intent by any named defendant, for
20 example, that any defendant *intended* to discriminate against him.  Plaintiff's conclusory
21 allegations that he was denied equal protection are insufficient.  He also does not allege that he
22 was intentionally treated differently than other similarly situated individuals without a rational
23 relationship to a legitimate state purpose.

24       I will allow plaintiff a chance to amend his complaint before recommending that this
25 action be dismissed.  Plaintiff should also take care to add specific factual allegations against each
26 defendant.  If plaintiff decides to file an amended complaint, the amended complaint will
27 supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012)
28 (en banc).  This means that the amended complaint will need to be complete on its face without

reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   July 31, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE